UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shirley A. Duboise,

    Plaintiff,

v.                                                    Case No. 15-10585
                                                    HON. DENISE PAGE HOOD

Wal-Mart Stores, Inc.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [#18]**

**I.  INTRODUCTION**

This case involves Defendant's denial of Plaintiff's claim for damages following a slip and fall accident that occurred at Defendant's Dearborn store on February 11, 2014. Plaintiff filed her action in, and Defendant removed the case from, Wayne County Circuit Court in early 2015. On June 6, 2016 Defendant filed a Motion for Summary Judgment. [#18] Plaintiff filed a response, and Defendant filed a timely reply. A hearing was held on August 31, 2016.

**II.  BACKGROUND**

Plaintiff lives in Florida but traveled to Michigan on Thursday, February 9, 2012, to attend a funeral. On February 11, 2012, Plaintiff drove to the Wal-Mart store located in Dearborn, Michigan, and parked near the store, not in a parking space. Plaintiff was wearing a black coat and black suit, and claims to have been wearing black boots with a heel. Plaintiff testified that it was snowing as she made her way

into the store. She also testified it had snowed all day on Friday, February 10, 2016.

Plaintiff entered through the front entrance of the store, and she testified that wet floor signs were out as she entered the store. Plaintiff went straight towards an aisle that had Valentine's Day items, and she testified that no wet floor signs were visible in that aisle. Plaintiff testified that she did not look at the floor while she was walking but was instead looking ahead, down the aisle. Dkt. No. 18, Ex. B at 60. As she approached the end cap of the aisle, she slipped and fell, injuring her right leg, shoulder, hip, and back. Plaintiff states that two of the four Defendant employees who were nearby helped her up, and one of them commented that Plaintiff had fallen because of the water on the floor. *Id.* at 61. Plaintiff testified that after her fall, she could see that the floor was "full of water" and that "there was a lot of water on the floor there." *Id.* at 59, 69. She also testified that there "wasn't any water anywhere but in that area" and ". . . I fell into the water." *Id.* at 60.

Following the alleged incident, Plaintiff continued shopping, and then spoke with a Wal-Mart manager at the customer service desk. She brought the manager to the area of the alleged incident and explained what occurred. She claims four employees were there as well. Plaintiff obtained an incident report immediately following the incident, but did not fill it out at that time because she wanted to get to the funeral. Plaintiff left and drove herself and her family members to the funeral in

Ferndale, Michigan.

Following the funeral, Plaintiff drove her family members to get something to eat before driving herself back to the Wal-Mart store in Dearborn to fill out the incident report. After completing the incident report, Plaintiff left the store. She flew back to Florida on Sunday, February 12, 2016.

## III. APPLICABLE LAWS & ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenth Radio Corp.,* 475 U.S. 574, 586 (1986) ; *Celotex Corp. v. Caterett,* 477 U.S. 317, 323-24 (1986). Summary

Judgement must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material face," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 322-23. A court must look at the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.     Analysis**

In this premises liability action, Plaintiff has alleged that Defendant negligently failed to design, construct and maintain its store free of a slippery substance on the floor or warn the public of its presence, which Defendant knew about. In *Scott v. Kroger*, No. 290696, 2010 WL 3184488 (Mich. Ct. App. Aug. 12, 2010), the court granted defendant's motion for summary disposition in a negligence and premises liability action arising out of the plaintiff slipping and falling on a puddle of water at defendant's store. In that action, the plaintiff "claim[ed] the water was nearly invisible and there was no sign or other indication that the floor was wet." *Id.* at *1. In addressing that plaintiff's claim, the court of appeals stated:

> Under open and obvious doctrine, when a plaintiff is a business invitee, the premises owner has a duty to use reasonable care to protect the plaintiff from dangerous conditions. *Bertrand v. Alan Ford, Inc.*, 449

> Mich. 606, 612-613, 537 N.W.2d 185 (1995). "However, where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id.* To determine whether a danger is open and obvious, the courts consider "whether an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection." *Joyce v. Rubin*, 249 Mich.App. 231, 238, 642 N.W.2d 360 (2002). Courts do not consider whether a specific plaintiff knew or should have known about the dangerous condition, but whether the danger would be foreseeable to a reasonable person in the plaintiff's position. *Id.*

*Scott*, 2010 WL 3184488, at *1.

The *Scott* court concluded that "a reasonable person in [the plaintiff's] position would have seen the water[, as evidenced by the plaintiff] admitt[ing] that she was able to see the water when she was on the floor and after she stood up." *Id.* Based on the plaintiff's testimony, the court found that "the water was not invisible," "could [have be]en seen upon casual inspection," and "was open and obvious." *Id.* (citing *Joyce*, 249 Mich.App. at 238).

The facts of this case, including Plaintiff's admissions, likewise establish that the water was visible and could be seen upon casual inspection. *See, e.g.*, Dkt. No. 18, Ex. B at 59 (after her fall, she could see that floor was "full of water"), 60 ("It wasn't any water anywhere but in that area" and "Until I fell. When I fell that's when I fell into the water.") and 69 (". . . there was a lot of water on the floor there."). Based on

5

the undisputed evidence, the Court concludes that the water Plaintiff fell into was open and obvious.

Plaintiff argues that, even if the water was open and obvious, there was a "special aspect" in this case such that the open and obvious risk was unreasonably dangerous. In *Scott,* the court addressed and rejected the plaintiff's contention that "a nearby seafood display constituted a 'special aspect' that created an unreasonable risk of harm because it diverted her attention from the water on the floor." *Scott*, 2010 WL 3184488, at *1. That court stated:

> If a court finds that the condition is open and obvious, it must then consider whether there are any special aspects that create an unreasonable risk of harm despite the condition being open and obvious. *Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 517, 629 N.W.2d 384 (2001). "[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Id.* Therefore, the inquiry in such cases is "whether the 'special aspect' of the condition should prevail in imposing liability upon the defendant or the openness and obviousness of the condition should prevail in barring liability." *Id.* at 517-518, 629 N.W.2d 384. To be a special aspect, the harm must be "effectively unavoidable" or constitute "an unreasonably high risk of severe harm." *Id.* at 518, 629 N.W.2d 384. "However, the risk must be more than merely imaginable or premised on a plaintiff's own idiosyncrasies." *Robertson v. Blue Water Oil Co.*, 268 Mich.App. 588, 593, 708 N.W.2d 749 (2005). To determine whether a special aspect exists, the court considers the surrounding conditions, the character, and the location of the condition in question. *Bertrand*, 449 Mich. at 617, 537 N.W.2d 185.

*Scott*, 2010 WL 3184488, at *2. The *Scott* court concluded that no special aspect existed, as a "small, visible puddle of water in front of a seafood display case does not yield a 'uniquely high likelihood of harm or severity of harm' and no evidence indicates that the water on the floor was 'effectively unavoidable.'" *Id.* (quoting *Lugo*, 464 Mich. at 517-18). The *Scott* court's conclusion was based on the fact that the plaintiff admitted "that she was not looking where she was walking when she fell and, again, the water was visible upon casual inspection. Accordingly, evidence showed that the risk was avoidable if plaintiff had simply looked in front of her." *Id.*

The Court concludes that it cannot find that the water on the floor in this case was "effectively unavoidable" because, as noted above, the water was evident and visible to Plaintiff and others. There is no evidence that Plaintiff could not walk around the water or that the water was unavoidable in any manner. Plaintiff testified that she did not see anything on the floor, as she "wasn't looking down on the floor. I was looking ahead of me." Dkt. No. 18, Ex. B at 60. In other words, like the plaintiff in *Scott*, Plaintiff was, in effect, "not looking where she was walking when she fell." The Court holds that there is no "special aspect" that permits Plaintiff to overcome the bar to recovery under the open and obvious doctrine.

Plaintiff argues that Defendant had actual notice and constructive notice of the water on the floor. Defendant produced the affidavit of the co-manager of its

Dearborn store to show that it did not have actual or constructive notice of the water, and Plaintiff does not present any evidence to enable a factfinder to conclude that there was notice of any kind. Plaintiff deposed the co-manager but did not ask the co-manager any questions about her experience monitoring the store. Plaintiff's testimony contains nothing that would undermine Defendant's position that it had no notice of the water on the floor. Plaintiff stated that she did not know how the water got on the floor, who was responsible for the water being on the floor, or how long it was on the floor prior to Plaintiff falling on it. The Court concludes that Plaintiff has failed to establish a genuine dispute of material fact whether Defendant had actual or constructive notice of the water on the floor.

The Court grants Defendant's motion for summary judgment.

### III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [#18] is **GRANTED**. Judgment shall be entered accordingly.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager